UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jaideep S. Chawla

    v.

Michael J. Heffernan, in his
official capacity as Commissioner
of the Massachusetts Department
of Revenue; U.S. Department of
Justice; United States of America

Case No. 18-cv-238-SM
Opinion No. 2019 DNH 067

**O R D E R**

Pursuant to an order dated June 28, 2018, document no. 29, the above-captioned action was transferred to the United States District Court for the District of Massachusetts and then terminated as an action in this court. Jaideep Chawla, who brought the above-captioned action, now moves this court to reopen the case and: (1) give him an evidentiary hearing; (2) inspect certain public records in camera; and (3) "order . . . the Office of the Inspector General of the U.S. Department of Justice to produce an audit report as to all payments made under the [DOJ's] Equitable Sharing Program to the Office of the Attorney General of the Commonwealth [of Massachusetts] during the years 2014-2016," Mot. to Reopen (doc. no. 30) 1-2. The two federal defendants object. For the reasons that follow, Chawla's motion to reopen is denied, as is his pending motion to take judicial notice.

1

By way of background, it is undisputed that after Chawla's case was transferred to the District of Massachusetts: (1) it was assigned to Judge Sorokin; (2) Judge Sorokin dismissed Chawla's claims and closed the case; and (3) Chawla appealed Judge Sorokin's dismissal to the First Circuit, where the appeal is now pending.

As the legal basis for the substantive relief he seeks in his motion, i.e., a hearing, in camera review, and injunctive relief, Chawla cites: (1) the federal supplemental-jurisdiction statute, 28 U.S.C. § 1367; (2) a Massachusetts public-records statute, Mass. Gen. Laws ch. 66, § 10A(d)(ii); and (3) "this Court's inherent authority to ensure the due administration of the law," Mot. to Reopen (doc. no. 30) 3.  However, Chawla does not explain how the court has jurisdiction over the above-captioned action.  Jurisdiction, in turn, is at issue because this court transferred Chawla's case to the District of Massachusetts.

With respect to the effects of a transfer, a leading treatise explains:

> When a motion for transfer under 28 U.S.C.A. § 1404(a) is granted and the papers are lodged with the clerk of the transferee court, the transferor court . . . lose[s] jurisdiction over the case and may not proceed further with regard to it.

15 Charles Alan Wright et al., Federal Practice and Procedure § 3846 (4th ed. 2014).  The foregoing rule has been recognized in

this circuit.  See, e.g., Walter v. Isherwood Enters., Inc., No. 2:13-cv-00445, 2014 WL 2095207, at *5 (D. Me. May 20, 2014) (ruling that transferor court "retained jurisdiction over [transferred] case until [it] was received in [transferee] Court"); PPG Indus., Inc. v. Webster Auto Parts, Inc., 849 F. Supp. 8, 9 (D. Mass. 1994) (ruling that where plaintiff filed several motions in transferor court after transferee court had docketed transferred case and assigned presiding judge, transferor court lacked jurisdiction to entertain plaintiff's motions) (citing In re Spillane, 884 F.2d 642, 645-56 (1st Cir. 1989)).[1]

Chawla's case was transferred to the District of Massachusetts under 28 U.S.C. § 1404(a).  Once the papers were lodged with the clerk of that court, this court lost jurisdiction over Chawla's claims.  Because this court lost jurisdiction over Chawla's claims, and because nothing has

---

[1] The rule divesting a federal court of jurisdiction over a case it has transferred is also well recognized outside this circuit.  See, e.g., In re McGraw-Hill Global Educ. Holdings LLC, 909 F.3d 48, 55-56 (3d Cir. 2018) (explaining that transferor court retains jurisdiction over transferred case only until transferee court proceeds with the action); HealthTrio, Inc. v. Centennial River Corp. (In re HealthTrio, Inc.), 653 F.3d 1154, 1156 (10th Cir. 2011) (citing Hudson United Bank v. Chase Manhattan Bank of Conn., N.A., 43 F.3d 843, 845 n.4 (3d Cir. 1994) (explaining that transferor court loses jurisdiction once transfer is complete, which occurs "when the files in a case are physically transferred to the transferee court"); Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516–17, 1520 (10th Cir. 1991) (same)).

3

happened to restore jurisdiction, this court may not proceed any further with regard to the above-captioned action.

Accordingly, Chawla's motion to reopen, document no. 30, is denied. And, for that reason, his motion to take judicial notice, document no. 31, is denied as moot.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 15, 2019

cc: All pro se parties and counsel of record

4